**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **EDWIN SANTAFE RODRIGUEZ,**<br>**Petitioner,**<br>**v.**<br>**TODD LYONS, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–12493–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Edwin Santafe Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Ecuador. (*Id.* ¶ 1.) He entered the United States in 2023. (*Id.* ¶ 2.)

2. He argues in his Petition that he is being illegally detained by Immigration and Customs Enforcement (ICE) pursuant to 8 U.S.C. §1225(b). (*Id.* ¶ 4.)

3. Respondents filed an answer on September 25, 2026 stating that petitioner was being detained pursuant to 8 U.S.C. § 1226(a) and that a bond hearing took place on September 15, 2026. (ECF No. 4 p. 1.) The immigration judge concluded petitioner was a flight risk and denied bond. (ECF No. 4–1 p. 1.)

4. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

6. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ."

*Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require ICE to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

7. Petitioner was entitled to a bond hearing, and he had one on September 15, 2026. (ECF No. 4–1 p. 1.)

8. Therefore, petitioner has received the due process to which he was entitled.

Accordingly,

**IT IS** on this **28th** day of **September 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall mail a copy of this opinion and order to petitioner by regular mail and **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**